# Complaint

COPY RECEIVED

2018 NOV 29   AM 9: 34

LASHER HOLZAPFEL
SPERRY & EBBERSON

1

2

3

4

5

6

7      IN THE SUPERIOR COURT OF WASHINGTON
        IN AND FOR KING COUNTY

8

9    ANTONIO JOHNSON,

                                        NO.
           Plaintiff,

10                                       COMPLAINT FOR VIOLATIONS OF 15
                                         U.S.C. § 1692 ET SEQ. AND RCW
11      vs.                              CHAPTERS 19.16 AND 19.86 ET SEQ.

     SUTTELL & HAMMER, P.S., and
12   AUTOVEST, LLC

13          Defendants.

14          COMES NOW Plaintiff Antonio Johnson, by and through counsel, who alleges:

15                    I.    **PARTIES AND JURISDICTION**

16          1.      Plaintiff Antonio Johnson is an individual who resides in Washington State.

17          2.      Defendant Suttell & Hammer, P.S. ("Suttell"), a Washington business entity, is a

18   debt collector and licensed collection agency doing business in Washington, and who attempted

19   to collect an alleged debt from Plaintiff.  Suttell's registered agent is Karl A. Weiss, 601 Union

20   Street Suite 2600, Seattle, WA 98101.

21          3.      Defendant Autovest, LLC ("Autovest"), UBI #603313990, is a Michigan business

22   entity that is a debt collector and licensed out-of-state collection agency doing business in

23   Washington, and who attempted to collect an alleged debt from Plaintiff.  Autovest's registered

Complaint - 1

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/ F (206) 395-2719

1  agent is Corporation Service Company, 300 Deschutes Way SW, Suite 304, Tumwater, WA,

2  98501.

3      4.      Jurisdiction over Defendants is proper as Defendants are doing business in

4  Washington State and all actions occurred King County, Washington.

5                              **II.     FACTS**

6      5.      On February 1, 2018, Defendants initiated a lawsuit against Antonio Johnson for

7  some sort of alleged debt related to an "auto loan," in King County District Court case no.

8  18CIV01587 (hereafter "the collection lawsuit").

9      6.      On April 11, 2018, service of process allegedly occurred on a "white male approx.

10  25-35 years of age, 5'8"-5'10" tall, weighing 160-180 lbs with brown hair." *See* declaration of

11  service attached hereto as **Exhibit A**.

12      7.      The process server "signed" the declaration with nothing more than a cryptic

13  ellipse. *Id.*

14      8.      As Antonio Johnson is an African-American man standing 6 feet, 2 inches tall and

15  weighing approximately 220 pounds, the declaration of service is plainly false, and thus service

16  of process did not occur.

17      9.      Indeed, Mr. Johnson was entirely unaware of the collection lawsuit until October

18  2018, when he learned that his wages were being garnished.

19      10.     Upon investigation, it appears that Suttell and Autovest simply plowed forward

20  with a motion for default judgment, ultimately obtaining a (void) default judgment on June 25,

21  2018 in the amount of $8,342.02. *See* default judgment, attached as **Exhibit B**.

22      11.     The interest rate sought by Defendants on the judgment was 12%.

23

Complaint - 2

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1    12.    In their fervor to obtain a default judgment in June 2018, Suttell and Autovest

2  filed with the District Court a facially-deficient declaration from (what context infers to be) a

3  representative of Autovest.  *See* **Exhibit C** (Autovest declaration).[1]

4    13.    The declaration was executed on January 31, 2018 – prior to the initiation of the

5  collection lawsuit.  *Id.*

6    14.    Despite the aforementioned declaration failing to refer to, or otherwise identify,

7  any documents, several documents were, evidently, appended to the declaration to make it

8  appear as though they were being authenticated by the declarant.

9    15.    Lastly, the declarant stated that the applicable interest rate on the alleged

10  contractual debt was zero percent.  **Exhibit C**.

11    16.    In any event, over a dozen pages of unauthenticated hearsay documents were

12  attached to the aforementioned declaration, the ostensible purpose of which was to "prove" the

13  existence of the alleged debt.

14    17.    According to the obviously-inadmissible documents – as best can be understood

15  without any testimony or explanation – Autovest claimed that on August 22, 2017, it had

16  purchased 402 defaulted debts (or "accounts") from an entity known as "Universal Acceptance

17  Corp."

18    18.    Despite a "Bill of Sale" alluding to a document identifying the 402 accounts

19  allegedly purchased, no document was attached.

20    19.    In any event, regardless of the abject failure of proof, Autovest apparently

21  claimed ownership of an alleged debt associated with Antonio Johnson, Plaintiff herein.

22

23

---

[1] For brevity, only the relevant excerpts of the 19-page document filed with the King County District Court are attached.

Complaint - 3

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1       20.     The alleged debt at issue ostensibly arose from a business entity named "Interstate

2 Auto Group, Inc., DBA CarHop," for a used automobile purchase in 2016.

3       21.     Under the contractual agreement, "CarHop" apparently not only sold the vehicle,

4 but also provided interim financing, at which point it appears the intention was for "Universal

5 Acceptance Corp." to either service the loan or otherwise obtain the loan.

6       22.     In other words, it does not appear that "Universal Acceptance Corp." actually

7 loaned any money at the time of the vehicle purchase.

8       23.     To summarize:

9         a.   Autovest claimed to have purchased a number of accounts from "Universal

10            Acceptance Corp."

11         b.   Apparently, though absolutely no evidence was produced, Autovest claims that

12            one of those accounts belonged to Mr. Johnson

13         c.   "CarHop" sold a used vehicle and, apparently, provided the financing as well

14         d.   There is no evidence or indication that "CarHop" ever assigned anything to

15            "Universal Acceptance Corp." – there is even a signature line on one of the pre-

16            printed contract forms that would permit such an assignment, but the line was left

17            blank

18       24.     Therefore, by pursuing Mr. Johnson, Autovest was attempting to collect a debt

19 which it claimed to own, but did not, in fact, own.

20       25.     In addition to the foregoing, and for reasons unknown, Defendants also filed a

21 document purporting to be an automatic payment authorization, which contained Mr. Johnson's

22 Wells Fargo bank account number and routing number, in obvious violation of GR 31(e). *See*

23 **Exhibit C** (redacted to comply with Court Rules).

Complaint - 4

**ANDERSON | SANTIAGO**
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

26.     As a result of the Defendants' actions detailed above, Plaintiff has incurred expenses in seeking and retaining counsel in connection with ascertaining his legal rights and responsibilities, has suffered damaged credit, has had his wages garnished, and has suffered financial uncertainty, unease, and distress caused by the confusing nature of the lawsuit and garnishment.

### III.     CAUSES OF ACTION

### GENERAL ALLEGATIONS APPLICABLE TO ALL COUNTS

27.     With respect to the alleged debt, Plaintiff is a consumer as defined by 15 U.S.C. § 1692a(3) and Defendants are debt collectors as defined by 15 U.S.C. § 1692a(6).

28.     With respect to the alleged debt, Plaintiff is a "debtor" as defined by RCW 19.16.100(7) and Defendants are collection agencies as defined by RCW 19.16.100(4).

29.     For claims arising under the Fair Debt Collection Practices Act, such claims are assessed using the "least sophisticated debtor" standard. *Guerrero v. RJM Acquisitions LLC*, 499 F.3d 926, 934 (9th Cir. 2007).

30.     The discovery rule applies in FDCPA cases. *Mangum v. Action Collection Serv., Inc.*, 575 F.3d 935, 941 (9th Cir. 2009).

### GENERAL ALLEGATIONS APPLICABLE TO CPA CLAIMS

31.     Violations of RCW 19.16.250 are per se violations of the Consumer Protection Act ("CPA"), RCW chapter 19.86.[2]  *See* RCW 19.16.440.  RCW 19.86.090 provides for treble damages (to a limit of $25,000) and attorney's fees.

32.     Because RCW Chapter 19.16 is enforced through RCW 19.86 *et seq.*, the below

---

[2] *See Panag v. Farmers Ins. Co. of Wash.*, 166 Wn.2d 27, 53 (2009) ("Consumer debt collection is a highly regulated field.  When a violation of debt collection regulations occurs, it constitutes a per se violation of the CPA...").

Complaint - 5

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1  counts alleging violations of RCW Chapter 19.16 are therefore CPA violations.

2      33.    Even minimal or nominal damages constitute "injury" under the CPA. *Panag*,

3  166 Wn.2d at 57.  A plaintiff need not prove any monetary damages at all, as even

4  "unquantifiable damages" may suffice to establish "injury" for purposes of the CPA. *Id.* (citing

5  *Nordstrom, Inc. v. Tampourlos*, 107 Wn.2d 735, 740 (1987)).

6  **Count I**

7      34.    A debt collector may not use any false, deceptive, or misleading representation or

8  means in connection with the collection of any debt.  15 U.S.C. § 1692e.  Additionally, it is a

9  violation to falsely represent the character, amount, or legal status of any debt.  § 1692e(2).

10     35.    Defendants made false, deceptive, and misleading representations when it took

11 the following actions (which include but are not limited to):

12     a.  Sued Mr. Johnson on an alleged debt which Autovest did not legally own.

13     b.  Represented, under penalty of perjury, that the applicable interest rate to the

14       contract underlying the alleged debt was "0.00000" percent (in two separate

15       instances – in the declaration and in the motion for default judgment and

16       subsumed declaration thereto), yet sought post-judgment interest at 12.00% in

17       violation of RCW 4.56.110.

18     c.  (In the alternative, if the underlying contract was enforceable and owned by

19       Autovest, and did bear an interest rate, it was a false, deceptive, or misleading

20       representation to falsely claim a zero-percent interest rate to make the loan appear

21       less predatory.)

22     d.  Pursued and obtained a default judgment despite failing to serve Mr. Johnson.

23     e.  Garnished Mr. Johnson's wages on a void judgment.

Complaint - 6

f.   Pursued and obtained a default judgment using plainly-inadmissible hearsay documents and other nonsense documents (such as a declaration supposedly from Autovest, executed prior to the commencement of the collection lawsuit, which made no reference to any documents at all – and yet on information and belief, Suttell attached documents to the declaration to make it appear as though the creditor had properly attested to such documents).

36.   Therefore, Defendants violated 15 U.S.C. § 1692e and/or § 1692e(2).

**Count II**

37.   A debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.  15 U.S.C. § 1692f.  The collection of any amount (including any interest, fee, charge, or expense incidental to the principal obligation) unless such amount is expressly authorized by the agreement creating the debt or permitted by law is unfair and/or unconscionable.  15 U.S.C. § 1692f(1).

38.   Plaintiff realleges paragraph 35, *supra.*

39.   Each time Defendants took the actions alleged in paragraph 35, *supra,* it was unfair and unconscionable.

40.   In addition, it was unfair and/or unconscionable to publish Mr. Johnson's private bank account information, unredacted, in violation of GR 31(e).

41.   Therefore, Defendants violated 15 U.S.C. § 1692f on numerous occasions.

**Count III**

42.   A collection agency shall not file a complaint unless the claim is itemized.  RCW 19.16.250(9) and (8)(c).  Such itemization shall include the amount of the original obligation, and the amount of interest and late payment charges added by the original creditor before it was

Complaint - 7

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

1   received for collection.  *Id.*

2      43.   In the Collection Lawsuit, Defendants provided almost no information

3   whatsoever, much less the minimum itemization required.  The collection lawsuit states only that

4   $8,194.02 was owed.

5      44.   The collection lawsuit also, therefore, lacks the identity of the original creditor.

6      45.   Defendants therefore violated RCW 19.16.250(8) and/or (9).

7   **Count IV**

8      46.   A collection agency may not collect or attempt to collect any sum other than

9   principal, allowable interest, collection costs or handling fees expressly authorized by statute,

10   and in the case of suit attorney's fees and taxable court costs.  RCW 19.16.250(21).

11      47.   Here, Defendants violated this statute each and every time they sought to collect

12   any money from Mr. Johnson, including:

13      a.   Suing Mr. Johnson on a debt which Autovest did not own (despite claiming such

14      ownership).

15      b.   Pursuing a default judgment.

16      c.   Garnishing Mr. Johnson's wages on a void judgment.

17      48.   Defendants therefore violated RCW 19.16.250(21).

18   **Count V**

19      49.   RCW 19.16.250(16) prohibits threats to take actions that cannot legally be taken.

20      50.   Analogous federal law applies the common-sense presumption that it is also a

21   violation to *actually take* unlawful actions.

22      51.   Defendants took actions to collect on the alleged debt that could not legally be

23   taken. *See* paragraphs 34-48, *supra*.

Complaint - 8

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665/F (206) 395-2719

52.     Defendants therefore violated RCW 19.16.250(16).

**Count VI – Injunctive Relief**

53.     A plaintiff may seek injunctive relief for violations of the Consumer Protection Act.  RCW 19.86.090.

54.     Plaintiff does seek injunctive relief from this Court which would enjoin Defendants from collecting debts in the manner described above from both Plaintiff and any other person similarly situated.  *Scott v. Cingular Wireless*, 160 Wn.2d 843, 853 (2007).

55.     Specifically, Plaintiff seeks an injunction prohibiting Defendant from its unlawful collection tactics, including but not limited to filing suit without any legal basis or standing, obtaining default judgments through misrepresentations to the Court, and garnishing employers on void judgments.

56.     Plaintiff has reason to believe these actions make up a pattern and practice of behavior and have impacted other individuals similarly situated.

57.     Injunctive relief is necessary to prevent further injury to Plaintiff and to the Washington public as a whole.

58.     Injunctive relief should therefore issue as described herein.

**IV.     PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays:

1.      For Judgment against Defendants for actual damages.

2.      For statutory damages of $1,000.00 for FDCPA violations.

3.      For statutory damages of $2,000.00 per violation, for Washington Collection Agency Act and Consumer Protection Act violations.

Complaint - 9

ANDERSON | SANTIAGO
787 MAYNARD AVE S
SEATTLE, WA 98104
(206) 395-2665 / F (206) 395-2719

1     4.    For treble damages, pursuant to RCW 19.86.090, calculated from the damages

2 determined by the court.

3     5.    For costs and reasonable attorney's fees as determined by the Court pursuant to

4 15 U.S.C. 1692k(a)(3).

5     6.    For injunctive relief pursuant to RCW 19.86.090 as described above.

7 Respectfully submitted this 21st day of November, 2018.

**ANDERSON SANTIAGO, PLLC**

By:_____
T. Tyler Santiago, WSBA No. 46004
Jason D. Anderson, WSBA No. 38014
Attorneys for Antonio Johnson
787 Maynard Ave. S.
Seattle, WA 98104
(206) 395-2665
(206) 395-2719 (fax)

Complaint - 10